**In re KLEIN, Scott Beaty and Klein, Bonita R., Debtors.**

No. 01–07255–9P7.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Jan. 30, 2002.

Charles M. Tatelbaum, Naples, FL, Christian B. Felden, Naples, FL, for debtors.

Diane L. Jensen, Fort Myers, FL, Chapter 7 Trustee.

*ORDER GRANTING MOTION TO VAL-UE REAL ESTATE AND GRANT-ING MOTION FOR SUMMARY JUDGMENT*

ALEXANDER L. PASKAY, Chief Judge.

(Doc. No. 21 and 24)

This is a Chapter 7 liquidation case and the matter under consideration is a Motion

for Summary Judgment, filed by Diane L. Jensen, the duly appointed chapter 7 trustee (Trustee). The Motion is filed in this contested matter which involves the valuation of a residence and guest house owned by Scott Beaty and Bonita R. Klein, his wife (Debtors). It is the contention of the Trustee that there are no genuine issues of fact and based on same, she is entitled to an order granting her Motion as a matter of law. The procedural background of this case which ultimately lead to the Motion under consideration reveals the following:

The Debtors filed their Joint Petition for Relief under Chapter 7 on April 23, 2001. On June 8, 2001, the Trustee filed an Objection to Claim of Exemptions of the Debtors. On the Debtors' Schedule C, the Debtors listed certain real property located at 509 92nd Avenue Naples, Florida, as exempt pursuant to Art. X, Sec. 4 of the Florida Constitution. The property has two structures: one is the main building, or the actual residence of the Debtors, and the other is a free standing guest house. In the Objection, the Trustee objected to the portion of the separate guest house on the Debtors' property, asserting that the Debtors were not entitled to claim the same as exempt, and the Trustee questioned the value of certain personal property of the Debtors, including bank balances.

On June 29, 2001, the Debtors filed Debtors' Response to Trustee's Objection to Claim of Exemption. In the Response, the Debtors asserted that the Trustee failed to quantify or state her objections with specificity, with respect to both the personal property and homestead objection. On August 6, 2001, this Court entered an Order that sustained the Trustee's Objection. The Order granted the Debtors' claim of exemption to the extent of $2,000 for personal property, $1,000 toward one vehicle per debtor, and indicated that the portion of the real estate containing the guest house be declared to be non-exempt, non-homestead property. The Order further directed the parties to enter into a stipulation for the repurchase of that portion of the real estate not deemed to be homestead, or if no agreement as to the value of the same was reached, for either party to file a motion to value real estate.

On October 4, 2001, the Debtors filed Motion to Value Real Estate. In the Motion, the Debtors indicated that the Debtors and the Trustee had been unable to reach agreement as to the value of the non-homestead property, the guest house, and requested this Court determine the value of the same.

Thereafter, the Trustee filed the present Motion for Summary Judgment, where she attached various documents in support of her Motion, all that were stipulated to by the Debtors. The present issue before this Court is the value of the guest house and the Debtors' equity, if any, in the same. The Debtors, rather than filing a response to the Motion for Summary Judgment, entered into Stipulation on Motion for Summary Judgment with the Trustee.

The Stipulation reveals the following undisputed facts relevant to the value of the property involved. The entire tract, including the two structures, has been appraised at $142,000. (Exh. A to the Stipulation). The entire property is encumbered by a first mortgage with a balance due, as of the time of filing, of $68,179.71. This mortgage is held by HomeSide Lending, Inc. (Exh. B to the Stipulation). The entire property is also subject to a second mortgage in the amount of $19,833.24, which is due to First Union National Bank, as of the time of filing.

The guest house is seasonally rented by the Debtors. According to the appraisal, it has 441 square feet of living space. The homestead property, allowed as exempt,

has 1,113 square feet of living space. The guest house was appraised solely, on a square footage basis in the amount of $22,077.73, which also includes the land on which the guest house is located. (Exh. C to the Stipulation). Based on the Debtors' 2000 year tax return (Exh. D to the Stipulation), the Debtors allocated the interest paid on the two mortgages as two-thirds (2/3) to the main residence and one-third (1/3) to the guest house.

Guided by the numbers stated in the Stipulation, this Court is satisfied that the net equity of the Debtors in the homestead is $61,217.63 and the net equity of the Debtors in the guest house is a negative $7,230.58, or no equity at all. These numbers are derived as follows. The real property (both the residence and the guest house) was appraised at value of $142,000. The guest house was appraised solely at $22,077.73. The appraised value of the homestead is therefore, $119,922.27. The total amount of the mortgages encumbering the property is $88,012.95. The Debtors allocate interest payments for the mortgages as two-thirds (2/3) one-third (1/3) between the homestead and the guest house. Therefore, the mortgages at 2/3 or $58,704.64 are allocated as encumbrances against the homestead and the mortgages at 1/3 or $29,308.31 are allocated as encumbrances against the guest house. The Debtors' equity in the homestead is $119,922.27 less the mortgage encumbrances of $58,704.64, or $61,217.63. And, the Debtors' equity in the guest house is $22,077.73 less the mortgage encumbrances of $29,308.31, or a negative equity of $7,230.58.

In light of the foregoing, this Court is satisfied that the Debtors have no equity in the guest house and therefore, the Trustee is not entitled to any monies from the Debtors for the non-homestead guest house.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Value Real Estate be, and the same is hereby, granted. The value of the non-homestead property, or the guest house, is determined to be in the amount of $22,077.73, with mortgage encumbrances in the amount of $29,308.31, or a negative equity for the Debtors of $7,230.58. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment be, and the same is hereby, granted. As a result of the negative equity of the Debtors in the guest house, the Trustee is not entitled to any monies from the Debtors for the retention of the non-exempt, non-homestead guest house.